UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS MACKEY,

    Petitioner,

v.                                        Case No. 8:14-cv-1274-T-36TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Thomas Mackey, a Florida inmate, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his Hillsborough County convictions. Respondent does not contest the timeliness of the petition in its response. (Dkt. 13.) Mackey filed an amended reply. (Dkt. 29.) Upon consideration, the petition will be denied.

## PROCEDURAL HISTORY

Mackey was convicted after a 2003 jury trial of robbery with a deadly weapon and was sentenced to life in prison. (Dkt. 15, Exs. 3-5.) Mackey was sentenced as a habitual violent felony offender. *Mackey v. State*, 884 So.2d 118 (Fla. 2d DCA 2004). The state appellate court affirmed in a written opinion. *Id.* Mackey filed a 2005 motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 15, Ex. 10.) The state court summarily denied his claims. (Dkt. 15, Exs. 12, 15.) The state appellate court *per curiam* affirmed the denial of relief. (Dkt. 15, Ex. 17.)

Mackey filed motions to correct an illegal sentence in 2008 pursuant to Florida Rule of Criminal Procedure 3.800(a). (Dkt. 15, Exs. 24-26.) Mackey alleged that the trial court had actually sentenced him as a violent career criminal,[1] but that such a sentence was illegal because the violent career criminal statute in effect at the time of the offense was later found unconstitutional. *See State v. Thompson*, 750 So.2d 643 (Fla. 2000). His motions were granted in part, and Mackey was resentenced in 2010 to life in prison as a habitual violent felony offender. (Dkt. 15, Ex. 29, p. 302, Ex. 30, Ex. 34.) The state appellate court *per curiam* affirmed the 2010 sentence. (Dkt. 15, Ex. 35.) Mackey's 2012 Rule 3.850 postconviction motion was denied, and the state appellate court *per curiam* affirmed. (Dkt. 15, Exs. 43, 44, 46.)

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Wilcox v. Florida Dep't of Corr.,* 158 F.3d 1209, 1210 (11th Cir. 1998). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d), which sets forth a highly deferential standard for federal court review of a state court adjudication, states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] The state court agreed that the sentencing court's remarks indicated an intent to sentence him as a violent career criminal. (Dkt. 15, Ex. 27, pp. 2-3.)

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The state appellate court affirmed the denial of postconviction relief without discussion. The court's decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

**INEFFECTIVE ASSISTANCE OF COUNSEL**

Claims of ineffective assistance of counsel are analyzed under the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id.* at 687. To show deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Additionally, "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Mackey must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691-92. To show prejudice, Mackey must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Sustaining a claim of ineffective assistance of counsel on federal habeas review is difficult because review is "doubly" deferential to counsel's performance and the state court's ruling. *Richter*, 562 U.S. at 105. *See also Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (a petitioner must overcome the "'doubly deferential' standard of *Strickland* and AEDPA."). If a claim of ineffective assistance of counsel can be resolved through one of the *Strickland* test's two prongs, the other prong need not be considered. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address

both components of the inquiry if the defendant makes an insufficient showing on one.").

## DISCUSSION

**Ground One**

Mackey was charged in the Thirteenth Judicial Circuit. However, after his motion to recuse the Office of the State Attorney for the Thirteenth Judicial Circuit was granted, the Office of the State Attorney for the Sixth Judicial Circuit was appointed. (*See* Dkt. 15, Ex. 27, p. 2.) Mackey alleges that because the authority of the Office of the State Attorney for the Sixth Judicial Circuit to prosecute his case expired prior to the date of his conviction, the trial court was without jurisdiction to adjudicate him guilty and sentence him in 2003. He alleges a violation of his federal right to due process.

Mackey raised this allegation in his 2012 postconviction motion. Contrary to Respondent's contention, he properly exhausted a federal claim[2] by arguing that he was denied due process in violation of the Fourteenth Amendment. (Dkt. 15, Ex. 43, p. 9.) However, the state court denied Mackey's claim as procedurally barred:

> Defendant's March 20, 2003, judgment and sentence in case 96-CF-010693, became final after the Second District Court of Appeal issued its mandate for Defendant's direct appeal on September 10, 2004. *See Mackey*, 884 So.2d at 118-19; *Beaty v. State*, 684 So.2d 206 (Fla. 2d DCA 1996) (finding that a judgment and sentence becomes final for purposes of Rule 3.850 at the time the mandate is issued). Therefore, the two-year limitations period expired on or about September 10, 2006, after the conclusion of Defendant's direct review proceedings. *See O'Neill v. State*, 6 So.3d 630, 630 (Fla. 2d DCA 2009) (citing *Valdes v. State*, 904 So.2d 515 (Fla. 3d DCA 2005)). Thus, the allegations in grounds 1 and 2 of Defendant's January 5, 2012 motion attacking his March 20, 2003 conviction are untimely under rule 3.850(b).

---

[2] A federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A). In order to satisfy the exhaustion requirement, "the federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971).

> While Defendant was resentenced on April 15, 2010, the resentencing was not a product of a direct appeal, but rather resulted from the Court granting Defendant's motions filed under Florida Rule of Criminal Procedure 3.800. The resentencing did not toll [the] two-year time limit for filing a motion under Rule 3.850 to attack Defendant's March 20, 2003 conviction. *See Gillis v. State*, 32 So. 3d 681, 682 (Fla. 2d DCA 2010); *O'Neill*, 6 So. 3d at 630; *see also, Joseph v. State*, 835 So.2d 1221, 1222 n. 3 (Fla. 5th DCA 2003) ("The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered. An illegal sentence may be corrected at any time, and it would make no sense to allow a judgment to be attacked many years after the expiration of the two-year deadline simply because a sentence was corrected pursuant to a rule 3.800(a) motion.").

(Dkt. 15, Ex. 44, pp. 3-4.)

When the state court's rejection of a federal constitutional claim on procedural grounds is based on an "independent and adequate" state ground, federal review of the claim is barred. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying on a state procedural rule to resolve the federal claim without reaching the merits of the claim, (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law, and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion" or in a "manifestly unfair manner." *Id.* (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (citation omitted).

The rule that a sentence imposed after obtaining collateral relief has no effect on Rule 3.850's two-year statute of limitations is firmly established and regularly followed. *See Woodberry v. State*, 193 So.3d 5, 6 (Fla. 4th DCA 2016) ("The fact that [Woodberry] was

later resentenced on a postconviction motion did not restart the time for him to raise postconviction challenges to his conviction."); *Gillis v. State*, 32 So. 3d 681, 682 (Fla. 2d DCA 2010) ("Mr. Gillis's resentencing, which resulted not from his direct appeal but from his successful rule 3.800 motions, did not toll the two-year time limit for filing a rule 3.850 motion attacking his convictions."); *Joseph v. State*, 835 So.2d 1221, 1222 n.3 (Fla. 5th DCA 2003) ("The two-year limitation is not tolled by other collateral proceedings filed in the trial court, even if a corrected sentence is entered."). The state appellate court approved of the postconviction court's reliance on this rule when it *per curiam* affirmed the denial of postconviction relief.

Therefore, Mackey's claim is procedurally defaulted because the state court addressed the federal claim through the application of an independent and adequate state procedural ground. *See Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show" the applicability of either the cause and prejudice or fundamental miscarriage of justice exception). Mackey has not argued or shown that an exception applies to overcome the default. Accordingly, Ground One is barred from federal habeas review.

**Ground Six**

As addressed in Ground One, *supra*, the postconviction court concluded that Mackey's 2010 resentencing did not re-start the two-year time limit to file a Rule 3.850 postconviction motion challenging his 2003 conviction. Mackey claims that the state court's decision violated his federal due process rights. However, this argument cannot provide federal habeas relief because it fails to raise a federal constitutional challenge to Mackey's

conviction. *See Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) ("[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment–*i.e.*, the conviction itself–and thus habeas relief is not an appropriate remedy."). Accordingly, Ground Six does not raise a cognizable claim for federal habeas review.

**Ground Two**

Mackey alleges that trial counsel was ineffective for failing to move for a mistrial when a juror slept during the victim's testimony. Mackey raised this claim in his 2005 motion for postconviction relief. Assuming that this claim was exhausted,[3] Mackey fails to show entitlement to relief. The state court denied his claim:

> In ground 1, Defendant claims that counsel was ineffective by failing to move for a mistrial in response to a sleeping juror and to preserve the issue for appeal. Defendant claims that a juror fell asleep while counsel was cross-examining the State's key witness. Defendant claims that counsel's "general reticence to act and counsel's statement 'I didn't want to say anything' falls far short of counsel's duty to zealously defend his client."
>
> In its Response, the State argues that Defendant's claim is without merit. Specifically, the State explains that a defendant is not automatically entitled to relief when a juror is claimed to have been sleeping, as the decision to replace a sleeping juror or grant a mistrial is within the discretion of the trial court. The State argues that there is no evidence that the juror slept at any other time at trial, pointing to the fact that both counsel and the trial court noted the jury's attentiveness. The State argues further that, because the situation was remedied by the court's recess, Defendant fails to demonstrate prejudice as a result of counsel's alleged deficiency. The Court finds the State's Response to be persuasive, and finds that Defendant warrants no relief on ground 1.

---

[3]Respondent contends that the claim is not exhausted because Mackey did not raise it on postconviction appeal. But whether the Second District Court of Appeal requires an appellant whose Rule 3.850 motion was summarily denied to brief all claims on appeal is not apparent. *See, e.g., Davis v. Sec'y, DOC*, 2015 WL 3509324 at *16 (M.D. Fla. 2015).

(Dkt. 15, Ex. 15, pp. 1-2.)

The State's response, upon which the trial court relied, provides in part:

> Defendant is not automatically entitled to relief when a juror is claimed to have been sleeping. . . . [T]he decision on whether to grant a mistrial is . . . within the sound discretion of the court, and a mistrial should only be granted when it is necessary to ensure defendant receives a fair trial. A.K. v. State, 898 So.2d 1112 (Fla. 4th DCA 2005). "A mistrial is appropriate only when the error committed was so prejudicial as to vitiate the entire trial." A.K., quoting Duest v. State, 462 So.2d 446 (Fla. 1985).
>
> The situation in defendant's trial was promptly and sufficiently dealt with by counsel and the Court, where upon being notified of the issue, the Court stated its intent to take a break, and then at that time told the jury to get coffee or something. There is no indication of how long the juror allegedly slept, but the juror did wake up during the discussion of the issue. Furthermore, this was only the first witness of the trial, and there is no evidence that the juror slept during other portions of the trial. In fact, during closing arguments, counsel stated that "throughout these proceedings, I saw each and every one of you were attentive to what was going on." Furthermore, after reading instructions and sending the jury back to deliberate, both counsel and the Court spoke of the jury's attentiveness, no puzzled looks on their faces, and that they were the most amenable jury in years. Clearly there was no other incident of a juror sleeping through the trial, as counsel and the Court made observations as to their attentive demeanor. Accordingly, defendant fails to meet his burden under Strickland v. Washington, 466 U.S. 668 (1984).

(Dkt. 15, Ex. 13, pp. 1-2) (State's record citations omitted).

Whether a motion would have succeeded under Florida's standard for granting a mistrial is a question of state law. This Court must defer to the state court's interpretation of state law. *See Will v. Sec'y, Dep't of Corr.*, 278 Fed. App'x 902, 908 (11th Cir. 2008) ("Although an ineffective-assistance-of-counsel claim is a *federal* constitutional claim, which we consider in light of the clearly established rules of *Strickland*, when 'the validity of the claim that [counsel] failed to assert is clearly a question of *state* law, . . . we must defer to the state's construction of its own law.'") (quoting *Alvord v. Wainwright*, 725 F.2d 1282,

1291 (11th Cir. 1984)); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [counsel] objected to the introduction of Callahan's statements . . . Therefore, [counsel] was not ineffective for failing to make that objection."); *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under Florida state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)).

Furthermore, the record does not reveal whether the juror merely appeared to be sleeping, or, if he was in fact asleep, or, how long he slept.[4] As the state court's order noted, other portions of the trial transcript reflect that all jurors were attentive during the trial. (Dkt. 15, Ex. 2, Vol. II, pp. 405, 455-56.) Accordingly, Mackey has not shown that the state court unreasonably applied *Strickland* or unreasonably determined the facts in rejecting this claim. He is not entitled to relief on Ground Two.

---

[4] The following discussion took place at a bench conference during the victim's testimony:

[COUNSEL]: [The juror] has been asleep. I don't want to say anything. I don't know if you want to take a break or - - we don't want a juror sleeping through the trial.

[STATE]: I haven't noticed it, Judge.

THE COURT: I didn't notice it either. I was going to take a break after this witness,

[COUNSEL]: That's fine. I didn't want to say anything. I think he's awake now. Okay. Thank you.

(Dkt. 15, Ex. 2, Vol. II, p. 213.)

**Ground Three**

Mackey argues that trial counsel was ineffective for failing to raise a voluntary intoxication defense. Respondent asserts that this claim is procedurally defaulted and consequently barred from federal habeas review. In his amended reply, Mackey states that he "concedes to Respondent[']s argument." (Dkt. 29, p. 5.) The Court therefore finds Ground Three barred from review.

**Grounds Four And Five**

Mackey argues that the trial court erred when it resentenced him in 2010 as a habitual violent felony offender (HVFO) without eligibility for parole. He also asserts that trial counsel was ineffective for failing to object to the sentence. The state court rejected his claims:

> In ground 3 of his motion, Defendant contends that his HVFO sentence of life imprisonment without the possibility of parole is illegal because in 1996, the time of the commission of the offense, those sentenced to life for noncapital felonies were eligible for parole. Defendant also asserts that his counsel was ineffective at resentencing for failing to object to the illegal sentence upon its imposition, and but for this deficiency, the outcome of his resentencing would have been different.
>
> . . .
>
> First, with respect to the legality of Defendant's sentence, the Court finds that Defendant's sentence of life imprisonment as an HVFO is a legal sentence. The Florida Legislature abolished parole in 1983 for noncapital felonies. *See* Fla. Stat. § 921.001(4), (8) (1985); *see also* Fla. Stat. §§ 775.082, 921.002(1)(a)(5) (1997) (stating chapter 947, which relates to parole, shall not apply to those sentenced under the Criminal Punishment Code). Robbery with a deadly weapon is a felony of the first degree and, if a defendant is sentenced as an HVFO, punishable by life imprisonment. *See* Fla. Stat. §§ 812.13(2)(a), 775.084(4)(b)(1) (1996). Neither Defendant's written sentence, nor the oral pronouncement of sentence makes any mention of parole, ineligibility therefor or otherwise. Because the Court lawfully resentenced Defendant with no mention on ineligibility for parole, he is not entitled to relief.

> Defendant is also not entitled to relief on his claim of ineffective assistance of counsel. "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient and that the deficient performance prejudiced the defendant so as to deprive the defendant of a fair trial." *State v. Larzelere*, 979 So.2d 195, 202 (Fla. 2008); *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). Here, as discussed above, the Court imposed a lawful sentence on April 15, 2010, and defense counsel cannot be deemed ineffective at sentencing for failing to make a meritless objection. *See Hitchcock v. State*, 991 So. 2d 337 (Fla. 2008).

(Dkt. 15, Ex. 44, pp. 4-5) (court's record citation omitted).

First, the propriety of Mackey's sentence under Florida law is a determination to be made by the state court. Thus, Mackey's allegation that his sentence was illegal does not state a sufficient claim for federal habeas relief:

> [A] habeas petition grounded on issues of state law provides no basis for habeas relief. *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not review a state's alleged failure to adhere to its own sentencing procedures. *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied*, 449 U.S. 966, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980); *Nicholas v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978); *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is "couched in terms of equal protection and due process." *Willeford*, 538 F.2d at 1198.

*Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Furthermore, in assessing counsel's performance, this Court must defer to the state court's determination that the sentence was lawful under the Florida Statutes. *See Will*, 278 Fed. App'x at 908; *Callahan*, 427 F.3d at 932; *Herring*, 397 F.3d at 1354-55. Accordingly, Mackey has not shown that his counsel performed deficiently in failing to object to the legality of the HVFO sentence. *See Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) ("Counsel was not ineffective for failing to raise these issues because they

clearly lack merit."). Mackey has not demonstrated that the state court unreasonably applied *Strickland* or unreasonably determined the facts in ruling on his ineffective assistance of counsel claim. Mackey is not entitled to relief on Grounds Four and Five.

Any claim not specifically addressed herein has been determined to be without merit. Accordingly, it is

**ORDERED** that:

1. Mackey's petition (Dkt. 1) is **DENIED**. The Clerk is directed to enter judgment against Mackey and to close this case.

2. Mackey is not entitled to a certificate of appealability (COA). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A district court must first issue a COA. *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Mackey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Mackey has not made this showing. Finally, because Mackey is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on September 12, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

<u>Copies to</u>:
Thomas Mackey
Counsel of Record